IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN BIDDINGER                                                                   PLAINTIFF

　　　　v.                              CIVIL NO. 06-5107

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                                   DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

John Biddinger ("plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his application for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act. (Doc. # 1). The defendant filed an answer to plaintiff's action on August 18, 2006, asserting that the findings of the Commissioner were supported by substantial evidence and were conclusive. (Doc. # 5).

On October 10, 2006, the Commissioner, having changed positions, filed a motion requesting that plaintiff's case be remanded pursuant to "sentence four" of section 405(g) in order to conduct further administrative proceedings. (Doc. # 8). The defendant states that upon remand, the ALJ will be instructed to re-evaluate plaintiff's work activity in 2004 and 2005 and conduct a proper analysis to determine whether such work constitutes substantial gainful work activity or qualifies as an unsuccessful work attempt.

The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A remand pursuant to "sentence six" is limited to two situations: where the Commissioner requests a remand

1

before answering the complaint, or where the court orders the Commissioner to consider new, material evidence that was for good cause not presented before the agency. The Fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Shalala v. Schaefer,* 509 U.S. 292, 296, 113 S.Ct. 2625 (1993).

Here, we find remand for the purpose of the ALJ to further evaluate the evidence as addressed above, appropriate.

Based on the foregoing, we recommend that the Commissioner's motion to remand be granted and the case be remanded to the Commissioner for further administrative action pursuant to "sentence four" of section 405(g). **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this <u>16th</u> day of October 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE